

**FILED**

**February 2, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:30 A.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Samuel Stallion | ) | Docket No.   2016-01-0292 |
| | ) | |
| v. | ) | State File No. 29403-2016 |
| | ) | |
| TruGreen, L.P., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Thomas Wyatt, Judge | ) | |

---

### Reversed and Remanded - Filed February 2, 2017

---

At issue in this interlocutory appeal is whether the evidence presented in an expedited hearing was sufficient for the trial court to determine that the injured employee would likely prevail at trial in establishing entitlement to additional medical care for his work-related injury.  The trial court concluded the employee had presented sufficient evidence and ordered the employer to provide a panel of physicians from which the employee could select a doctor to provide ongoing care.  The employer has appealed, asserting the evidence was insufficient to support that conclusion.  We agree and reverse the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Charles W. Poss, Chattanooga, Tennessee, for the employer-appellant, TruGreen, L.P.

Samuel Stallion, Fayetteville, North Carolina, employee-appellee, pro se

### Factual and Procedural Background

Samuel Stallion ("Employee") suffered an injury to his low back on February 25, 2016, as a result of lifting the rear gate on a landscaping truck while working for TruGreen, L.P. ("Employer").  He reported that the cable-assist mechanism on the truck's tailgate was malfunctioning, requiring him to lift the gate without the assistance of the mechanism.  At an expedited hearing, he initially testified the gate weighed between 700

1

and 1,000 pounds. On cross-examination, he acknowledged that he did not know how much the gate weighed, testifying "it felt like" it weighed 700 pounds to him. Employer's representative testified the gate weighed approximately 150 pounds. Aside from discrepancies in the description of the weight of the gate and the degree of the incline on which the truck was parked, Employee's description of the incident and the mechanism of injury has been consistent. Specifically, he asserted that the cable-assist mechanism on the gate was not working and he had to lift the entire weight of the gate himself, resulting in pain in his low back that radiates to his right leg and foot.

Employee testified he told his supervisor about the incident and was told to "go take a drug test" and that no panel of doctors was provided to him. On February 29, 2016, he sought emergency care at Parkridge East Hospital and thereafter began treating at Physicians Care on March 1, 2016, after being directed there by Employer. He denied any history of prior back problems and was diagnosed with lumbago with sciatica. He was returned to work with restrictions that he testified, without contradiction, were not accommodated. He continued to treat at Physicians Care for his complaints through May 2016. When physical therapy did not alleviate his symptoms, the attending medical care provider at Physicians Care referred Employee for a lumbar MRI on April 19, 2016. That referral was reiterated at a follow-up appointment one week later on April 26, 2016, and again on May 3, 2016.

The MRI was performed on May 9, 2016, revealing mild canal and bilateral foraminal stenosis at L3-4 and L4-5. On May 10, 2016, the medical care provider at Physicians Care referred Employee for an orthopedic consult, and Employee continued to treat at Physicians Care until an appointment was scheduled with Dr. Jay Jolley, an orthopedist selected by Employee from a panel of physicians.

Employee first saw Dr. Jolley on June 27, 2016, complaining of back pain and right leg pain with numbness and tingling in the right leg and foot, weakness in his back, and loss of bowel/bladder control. Dr. Jolley diagnosed Employee with low back pain, sprain, and mild degenerative disc disease at L3-5. The report states there were "[n]o surgical indications," but he was given a trigger point steroidal injection. Dr. Jolley assigned work restrictions and instructed Employee to follow up in five weeks. The report indicated Employee would "likely" reach maximum medical improvement "soon."

Employer's representative sent a June 10, 2016 letter to Dr. Jolley asking him to address causation by answering three questions. In response to the questions, Dr. Jolley indicated that Employee's degenerative disc disease was not "caused by his work injury by more than 51% as opposed to any other contributing factors or health condition"; that 60% of "the need for further medical treatment [was] directly related to his work comp injury," with 40% being attributed to Employee's "Arthritis/Degenerative Condition"; and that "further treatment of [Employee's] continued complaints of low back pain" was "warranted under Workers' Compensation related to the 25-Feb-2016 injury."

2

Employee's second and final visit with Dr. Jolley was on August 1, 2016. Employee reported his symptoms were unchanged, but he indicated his current pain complaints "as a 7 out of 10 on the pain scale," as compared to his report of "a 5 out of 10" at the initial visit. Dr. Jolley's assessment included discogenic low back pain, L3-5 degenerative disc disease, and "resolving" sprain. The report states that "[a]fter looking at films again, L3-4, L4-5 appear degenerative enough to cause pain, but the degeneration isn't work related." He returned Employee to work with a 20 pound lifting restriction and indicated that Employee may need an "L3-5 fusion under private insurance." On August 9, 2016, Dr. Jolley issued an addendum "prepared to replace information set out in the Office Note dated August 1, 2016, under the heading PLAN, item number 3." The new information indicated that Employee had reached maximum medical improvement on August 1, 2016 and could return to work with no restrictions.

On September 26, 2016, Employer's attorney sent a letter to Dr. Jolley inquiring as to his opinion regarding whether Employee needed further medical treatment "for his back sprain injury." Enclosed with the letter was a Final Medical Report Form C-30A, which the attorney requested Dr. Jolley complete "to indicate whether or not [Employee] retains any permanent medical impairment for the sprain." Dr. Jolley placed a check in the blank next to a question on the letter to indicate his opinion that Employee "does not need any further medical treatment for his back sprain injury." The question included the statement that "[i]f any further medical treatment for [Employee's] back is needed, this treatment would be for the degenerative disc disease which is not work related." The undated response was admitted into evidence with the completed and signed Form C-30A indicating Employee was returned to regular duty work, that he reached maximum medical improvement on August 1, 2016, and that the injury did not result in permanent impairment.

Following the expedited hearing at which Employee and Employer's representative testified, the trial court concluded that Employee had presented sufficient evidence to establish he would likely prevail at a hearing on the merits in establishing he suffered a compensable aggravation of a pre-existing disease. It ordered Employer to provide a panel of physicians in North Carolina, where Employee resided at the time, and to pay temporary disability benefits. Employer paid the temporary disability benefits, but appealed the portion of the order compelling it to provide Employee a panel of physicians in North Carolina.

### Standard of Review

The standard we apply in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's

3

decision may be reversed or modified if the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

    (A)    Violate constitutional or statutory provisions;

    (B)    Exceed the statutory authority of the workers' compensation judge;

    (C)    Do not comply with lawful procedure;

    (D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or

    (E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

**Analysis**

Employer presents the following issue, which it describes as the "sole issue" on appeal: "Did the Court err in concluding that [Employee] was entitled to further medical treatment for an aggravation of a pre-existing condition when the only proof before the Court was that [Employee] had only a back sprain as a result of his work activities and that the back sprain had resolved and required no further medical treatment?" Employer addresses the issue from multiple perspectives, but the focus of its arguments concern whether Employee presented sufficient evidence for the trial court to determine that he would likely prevail at a hearing on the merits in establishing a need for further medical treatment for his work-related injury.[1] The trial court concluded that he did. We disagree.

As we have said before, although an injured worker has the burden of proof on every essential element of his or her claim, at an expedited hearing an employee need not prove every element by a preponderance of the evidence, but must come forward with sufficient evidence from which the trial court can determine that the employee would likely prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1) (2015). *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). We have described the burden of proof at an expedited hearing as a lesser evidentiary standard that "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment . . ., but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No.

---

[1] On December 20, 2016, Employer filed a motion for extension of time to file a transcript of the proceedings in the trial court. We grant Employer's motion and accept as part of the record the transcript filed on January 4, 2017.

2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Thus, the issue presented in our review of the trial court's expedited hearing order requires that we determine whether the preponderance of the evidence supports the trial court's conclusion that Employee would likely prevail at trial in establishing that additional medical treatment is reasonably necessary for his work-related injury. In its brief on appeal, Employer states that "[f]or purposes of this appeal only, [it] does not dispute that [Employee] suffered a compensable injury at work – that injury being limited to a back sprain as diagnosed by Dr. Jolley." Employer does, however, dispute that Employee's degenerative disc disease is compensable. Employer's arguments on appeal, similar to its "sole" issue on appeal, arduously differentiate Employee's lumbar sprain, which the medical records establish Dr. Jolley diagnosed, from the trial court's determination that "Dr. Jolley diagnosed [Employee] with a back sprain superimposed on preexisting lumbar degenerative disc." However, the absence of any medical evidence suggesting the need for additional medical treatment for Employee's work-related injury obviates our need to address the two "diagnoses" separately.

Dr. Jolley's initial "Assessment" included low back pain, sprain, and mild L3-5 degenerative disc disease. His initial "Plan" stated there were "no surgical indications," and his initial treatment included a trigger point steroidal injection. Prior to Employee's second and final visit with Dr. Jolley, the doctor responded to Employer's letter identifying Employee's "sprain component" as being "more than 51%" caused by his work injury, but it identified the degenerative disc disease as not being more than 51% caused by the work injury. Dr. Jolley was asked whether "the need for further medical treatment [is] directly related to his work comp injury or are there other another [sic] major contributing factors," and the question presented two factors, identified as "Arthritis/Degenerative Condition" and Employee's "Workers' Compensation Injury." Dr. Jolley responded by indicating 60% of the need for additional treatment was attributable to "the sprain component" of the "Workers' Compensation Injury," and 40% to the "Arthritis/Degenerative Condition."

At the final visit five weeks following Employee's initial visit with Dr. Jolley, Employee's symptoms were reported to be the same, and Dr. Jolley's assessment was unchanged, except for noting that Employee's sprain was "resolving." After looking at the MRI films again, Dr. Jolley noted that L3-5 "appear degenerative enough to cause pain, but the degeneration isn't work related." He noted in the "Plan" portion of the report that Employee "will followup [sic] with workman's' [sic] compensation doctor in North Carolina," and additionally included "L3-5 fusion under private insurance [as needed]." Eight days later, Dr. Jolley signed an addendum "prepared to replace information set out in the Office Note dated August 1, 2016, under the heading PLAN, item 3 [concerning work status]," which read "No restrictions. Patient at maximum medical improvement." Thereafter, on October 6, 2016, Dr. Jolley responded to a letter

5

from Employer's attorney by completing a Form C-30A Final Medical Report indicating Employee had reached maximum medical improvement on August 1, 2016, and that his work injury did not result in any permanent impairment or work restrictions. In addition, he agreed with the statement in the letter indicating that Employee "does not need any further medical treatment for his back sprain injury. If any further medical treatment for [Employee's] back is needed, this treatment would be for the degenerative disc disease which is not work related."

Dr. Jolley was selected by Employee from a panel of physicians as his authorized treating doctor. "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(14)(E) (2016). Here, there is no medical opinion addressing the issues of medical causation and the need for medical treatment other than Dr. Jolley's opinions. Employee offered no evidence, aside from his assertion that he did not have back pain prior to the injury, to support a finding that there was a compensable aggravation of a pre-existing condition. He offered no medical evidence to support his assertion that he is entitled to additional medical care for his *work injury*. While Employee may ultimately succeed in presenting sufficient evidence for the trial court to conclude he is entitled to additional medical care for his work injury, at this time there is no medical evidence that contradicts Dr. Jolley's opinion or suggests that Employee is in need of additional treatment for his work injury.

Finally, we note that the trial court relied on our decisions in *Miller v. Lowe's Home Centers, Inc.*, No. 2015-05-0158, 2015 TN Wrk. Comp. App. Bd. LEXIS 40 (Tenn. Workers' Comp. App. Bd. Oct. 21, 2015); *Sanker v. Nacarato Trucks, Inc.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27 (Tenn. Workers' Comp. App. Bd. July 6, 2016); and *White v. Boles Trucking*, No. 2016-04-0074, 2016 TN Wrk. Comp. App. Bd. LEXIS 86 (Tenn. Workers' Comp. App. Bd. Nov. 14, 2016) in concluding that Employee was likely to prevail in proving he suffered an aggravation of a pre-existing condition. While our opinion in the instant case does not resolve the ultimate issue of whether Employee's February 25, 2016 work injury caused an aggravation of his pre-existing degenerative disc disease, we note there is an important distinction between these three cases and the matter presently before us. In each of those cases, there was medical proof at an expedited hearing to support a finding of an aggravation of a pre-existing condition. In each case, a physician had rendered an opinion that satisfied the statutory requirements necessary to establish a compensable aggravation. Here, the record does not include a medical opinion to support a conclusion that Employee's current complaints are caused by an aggravation of a pre-existing condition *or* that any such aggravation is causally related to the employment. Thus, the cases relied upon by the trial court are distinguishable.

6

## Conclusion

We hold that, at this stage of the case, the preponderance of the evidence does not support the trial court's decision to order Employer to provide additional medical care for Employee's work-related injury.  Accordingly, the trial court's decision is reversed, and the case is remanded for any further proceedings that may be necessary.


**FILED**

**February 2, 2017**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 7:30 A.M.



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| Samuel Stallion | ) | Docket No. 2016-01-0292 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 29403-2016 |
| | ) | |
| TruGreen, L.P., et al. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 2nd day of February, 2017.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| Samuel Stallion | | | | | X | sstallion@live.com |
| Charles W. Poss | | | | | X | charlie.poss@leitnerfirm.com |
| Thomas Wyatt, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov